Paul Spencer, Jr., and Eloise M. Spencer v. Commissioner.
Spencer v. Commissioner
Docket Nos. 27282, 32845.
United States Tax Court
1952 Tax Ct. Memo LEXIS 142; 11 T.C.M. (CCH) 728; T.C.M. (RIA) 52220; July 3, 1952
*142 Paul Spencer, pro se. Frederick T. Carney, Esq., for the respondent. ARUNDELL
Memorandum Opinion ARUNDELL, Judge: The respondent has determined deficiencies in income tax for the calendar years 1947 and 1948 in the respective amounts of $207 and $229. The deficiencies arise by the disallowance of travelling expenses in each year and by the disallowance of dependency credits in each year. Joint income tax returns were filed in each of the taxable years with the collector of internal revenue for the district of Alabama. The points in dispute have to do with deductions sought by Paul, who will be referred to herein as the petitioner. Petitioner during the taxable years was a Pullman porter, working out of Birmingham, Alabama. During the year 1947 he was away from home in pursuit of his calling approximately 100 days and in his income tax return for that year he estimated that his travelling expenses were $400. The Commissioner allowed $300 as covering petitioner's travelling expenses. During the year 1948 petitioner was absent from home in pursuit of his duties as a Pullman porter approximately 200 days, and in his income tax return for that year he claimed travelling *143 expenses in the amount of $800 of which sum the Commissioner allowed $600. During the years 1947 and 1948 the petitioner expended for food and lodging while away from home in pursuit of his duties as a Pullman porter $300 and $750, respectively, and these sums constitute proper deductions in determining petitioner's net income for the years 1947 and 1948. Petitioner's parents resided in a house owned by them, but during the year 1947 the father was very ill and was bedridden. The only income received by petitioner's parents during this period was approximately $37 per month as a pension. Very heavy expenses for doctors and medicine were incurred incident to the illness of petitioner's father and these had to be paid in addition to the other expenses for food and other incidentals. In 1947 petitioner paid more than one-half of the support for his father and mother. During the year 1948 petitioner paid less than one-half of the expenses necessary for the support of his father and mother. At the conclusion of the trial of this case at Birmingham, Alabama, on March 17, 1952, the Court, after a careful consideration of the evidence, made the findings set forth herein and stated *144 that a recomputation of the taxes for the years 1947 and 1948 would be submitted in accordance with these findings. Decisions will be entered under Rule 50.